## WILLIAM BALL *vs.* WILLIAM R. GATES.

A. directed B. to get C. to do, on A.'s account, what blacksmith work B. wished to
have done, and agreed to pay C. for it: B. procured C. to do such work for him,
from time to time, informing C. of A.'s direction, and C. charged the work to A..
C. afterwards sued A. for the work so done, and called B. to prove his charges;
but B. could not recollect the dates, nor the particular items of C.'s account.
*Held,* that C.'s shop book, with his suppletory oath, was admissible in evidence to
prove his charges against C.

ASSUMPSIT for work and labor. The plaintiff filed a bill
of particulars, which contained various items of account for
blacksmith work done for the defendant.

On the trial in the court of common pleas, before *Merrick,*
J. the plaintiff introduced evidence tending to prove that,
before the work was done, which constituted the several
items of his account, the defendant directed Adin Ingram to
get the plaintiff to do what blacksmith's work Ingram wished
to have done, on the defendant's account, and said that he
would pay the plaintiff therefor; that Ingram afterwards, in
pursuance of such direction, procured the plaintiff to do black-
smith's work for him, at different times, on the defendant's
account; that Ingram, when so procuring said work, informed
the plaintiff of the defendant's said direction; that the plain-
tiff agreed to do the work, so called for by Ingram, on the
account and credit of the defendant; and that all the work
so done for Ingram was charged by the plaintiff to the
defendant. But the said Ingram, who was called as a wit-
ness by the plaintiff, could not state nor recollect the dates or
particular items of work for which he called on the plaintiff,
as aforesaid. And it was admitted by the plaintiff, that all
the items charged in his account, and stated on said bill of
particulars, were for work done upon the call of Ingram, as
aforesaid. The plaintiff offered in evidence his shop book,
being his book of original entries, in which he had charged
the defendant with the several items contained in said bill of
particulars. The defendant objected, that all the work having
been delivered to a third person, the shop book was not

the best evidence in the case, and was not admissible. The judge overruled the objection, and admitted the book. The jury returned a verdict for the plaintiff, for the amount of his account; and the defendant alleged exceptions to the judge's ruling.

*F. Chamberlain,* for the defendant. The plaintiff's shop book was not the best evidence which the case admits; *first,* because the work was done for a third person, who was a competent witness. 1 Greenl. on Ev. § 82. *Holmes* v. *Marden,* 12 Pick. 171. *Faxon* v. *Hollis,* 13 Mass. 428. *Faunce* v. *Gray,* 21 Pick. 247. *Eastman* v. *Moulton,* 3 N. Hamp. 157. *Dunn* v. *Whitney,* 1 Fairf. 9. *Leighton* v. *Manson,* 2 Shepley, 208. *Winsor* v. *Dillaway,* 4 Met. 222. Several of these cases show that a party's books are not favorably regarded as evidence. But *secondly,* the defendant, if liable at all, is liable only on an express and special promise, of which a party's books are not evidence. *Deas* v. *Darby,* 1 Nott & M'Cord, 436.

In *Mathes* v. *Robinson,* 8 Met. 269, the labor was performed for the defendant himself, by the plaintiff and his apprentice. It was the common case of a charge for labor, on an implied promise, and quite distinguishable from the case at bar.

*Bishop,* for the plaintiff. The express promise was proved by Ingram himself, and therefore the plaintiff's book was not needed nor used to prove that promise. The cases of *Mathes* v. *Robinson,* 8 Met. 269, and *Littlefield* v. *Rice,* 10 Met. 287, warrant the admission of the plaintiff's book, verified by his suppletory oath, as evidence of his charges.

HUBBARD, J. It is argued for the defendant in this case, that the oath of the party himself, being a dangerous species of testimony, and an exception to the common rules of evidence, ought not to be admitted, except in the limited cases of a delivery of articles from a shop, in small quantities, from time to time, or for items of work performed, where there are no witnesses of the transactions; and therefore, that where articles are bulky, or sums large, other evidence can be

Ball *v.* Gates.

offered ; and so when articles are delivered to a third person, then the delivery can be proved by such person ; and that the admission of a party's books should be confined to cases in which there is no better evidence.    And there is no doubt of the general rule of law, as established by the cases cited ; but the question is, whether the present case is within the spirit of the principles there maintained.

There was no special contract between these parties ; but certain items of labor were performed by the plaintiff, in the way of his trade as a blacksmith, for the defendant.    Ingram was to get the work done, from time to time, for the defendant, as it might be needed, and the articles were to be delivered, and were delivered to him.    If the plaintiff had not called Ingram as a witness, being within his reach, we should think the objection to the admission of the book would stand upon a different ground from that which is now presented. But, as Ingram was called, and could not recollect the dates or the items of the work delivered, and thus the best evidence failed, we think it was a proper case for the admission of the book, with the suppletory oath of the plaintiff, in proof of the performance of the labor and the delivery of the articles of work charged in the plaintiff's account, on which he has brought this action.    The rule, that where there is a delivery of goods to third persons, the book cannot be admitted, is not without exceptions.    In cases of small articles procured by the members of a family, and delivered to children or servants, from time to time, it would be impossible that such delivery could generally be proved.    To enforce this rule, as inflexible, would therefore produce much more serious injury than the relaxation of it, under circumstances where the book itself contains the articles, as delivered, and which is subject to the examination of the debtor.

*Exceptions overruled.*